UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Neva Steffens, | ) **C/A No. 6:07-1807-GRA-WMC** |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| American Express, | ) |
| Defendant. | ) |

The plaintiff's motion to proceed *in forma pauperis* (Entry No. 3) is before the undersigned magistrate judge on initial review. The plaintiff's motion to proceed *in forma pauperis* (Entry No. 3) reveals that the plaintiff has eleven thousand dollars ($11,000) in a checking or savings account.

There are no clear precedents in the Fourth Judicial Circuit as to whether a magistrate judge can deny an application to proceed *in forma pauperis*. Three (3) United States Courts of Appeals have concluded that a magistrate judge cannot deny an application or motion to proceed *in forma pauperis*. In *Woods v. Dahlberg*, 894 F.2d 187, 1990 U.S.App. LEXIS® 203 (6th Cir. 1990), the United States Court of Appeals for the Sixth Circuit ruled that a denial of an application to proceed *in forma pauperis* by a

1

magistrate judge is the equivalent of an involuntary dismissal, which cannot be granted by a magistrate judge:

> Plaintiffs have both appealed from magistrate orders denying leave to proceed in forma pauperis. *Sua sponte*, we address the issue of whether magistrates have authority to deny a motion for pauper status and conclude they do not. * * *
>
> * * *
>
> Although section 636(b)(1)(A) does not specifically reference a motion to proceed in forma pauperis, we conclude that a denial of such a motion is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority.      * * *
>
> A district judge is free to refer a motion for pauper status to a magistrate and if the decision is to grant such a motion, the magistrate may enter such an order. If the decision is to deny, however, the magistrate must make such a recommendation to the district judge who will then take final action. 28 U.S.C. § 636(b)(1)(A).

*Woods v. Dahlberg*, 894 F.2d at 187-188 (two footnotes omitted from quotation). *See also Lister v. Dept. of the Treasury*, 408 F.3d 1309, 1312, 2005 U.S. App. LEXIS® 9542 (10th Cir. 2005); *Donaldson v. Ducote*, 373 F.3d 622, 623-625, 2004 U.S. App LEXIS® 11357 (5th Cir. 2004); *Cavender v. Seabold*, 1993 U.S.App. LEXIS® 10174, 992 F.2d 1216 (6th Cir., April 29, 1993)[Table]; *Thornton v. Brady*, 1990 U.S.App. LEXIS® 9990, 905 F.2d 1539 (6th Cir., June 20, 1990)[Table]; *United States v. General Foods Corp.*, 1993 U.S.Dist. LEXIS® 13506 (W.D.Mich., August 31, 1993)("Of course, where a magistrate judge lacks jurisdiction to enter an order dispositive of a matter, the proper course of action by a magistrate judge is to issue a report and recommendation for de novo review by the district judge."), *citing Bennett v. General Caster Service of N. Gordon Co.*, 976 F.2d 995, 997 (6th Cir. 1992); *Woods v. Dahlberg, supra*; and *Business Credit Leasing, Inc. v. City*

2

*of Biddeford*, 770 F. Supp. 31, 32 & n. 1, 1991 U.S.Dist. LEXIS® 11030 (D.Maine, July 31, 1991)(*following Woods v. Dahlberg*; magistrate judge's "Memorandum of Decision" treated as "Recommended Decision"). Therefore, this Report and Recommendation has been prepared, so that the plaintiff may obtain review by a United States District Judge. The sole issue in this Report and Recommendation is whether the plaintiff should be required to pay the three hundred fifty dollar ($350) filing fee, or whether her financial condition justifies waiver of the filing fee.

A litigant is not required to show that he or she is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E. I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337-344 & nn. 5-10 (1948). Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). One district court, however, has commented that it is sometimes difficult to decide § 1915 applications: "[T]here are no 'magic formulas' for making the determination that the requisite in forma pauperis status is present, but instead, there is required a careful scrutiny and weighing of all the relevant facts and circumstances involved in each particular situation." *Carter v. Telectron, Inc.*, 452 F. Supp. 939, 942 (S.D.Tex. 1976), *quoting Dreyer v. Jalet*, 349 F. Supp. 452, 459 (S.D.Tex. 1972), *affirmed*, 479 F.2d 1044 (5th Cir. 1973)(*per curiam*).

In *Carter v. Telectron, Inc.*, the district court, citing *Adkins v. Du Pont*, *supra*, and cases in the Third and Fifth Judicial Circuits, set forth a three-part list of discretionary factors to be evaluated under 28 U.S.C. § 1915(a):

(1) Is the litigant barred from the federal courts by the reason of his or her "impecunity?"

3

(2) Is his or her "access to the courts blocked by the imposition of an undue hardship?"

(3) Is the litigant forced to contribute his or her "last dollar," or render himself or herself "destitute" to prosecute his or her claim?

*Carter v. Telectron, Inc.*, 452 F. Supp. at 943.

As has been noted many times, the ". . . privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants, who[,] within the District Court's sound discretion, would remain without [a] legal remedy if such privilege were not afforded to them."  *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).  *See also Failor v. Califano*, 79 F.R.D. 12, 13 & n. 1 (M.D.Pa. 1978); and *Thomas v. Califano*, 79 F.R.D. 14, 14-15 & nn. 1-2 (M.D.Pa. 1978).

The plaintiff would not be rendered destitute by paying the filing fee of three hundred fifty dollars ($350).  *See Carter v. Telectron*, *supra*, 452 F. Supp. at 942 (plaintiff was not indigent because he had the right to collect a judgment of $5,486.76); and *Ali v. Cuyler*, 547 F. Supp. 129, 1982 U.S.Dist. LEXIS® 14712 (E.D. Pa. 1982)(where the plaintiff had $450.00 in savings the district court and the magistrate believed that amount was sufficient to allow the plaintiff to pay the filing fee of $60.00 [the filing fee at the time] without foregoing basic human needs)  Hence, the plaintiff must "confront the initial dilemma which faces most other potential civil litigants: Is the merit of the claim worth the cost of pursuing it?"  *Carter v. Telectron, Inc.*, *supra*, 452 F. Supp. at 944.

## *Recommendation*

Accordingly, I recommend that the District Court **deny** the plaintiff's motion to proceed *in forma pauperis* (Entry No. 3). The plaintiff's attention is directed to the Notice on the next page.

July 11, 2007
Greenville, South Carolina

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that she may file specific written objections to this Report and Recommendation with the District Court Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).