IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Neva Steffens, ) | Civil Action No. 6:07-1807-GRA-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| American Express, ) | |
| Defendant. ) | |

This matter is before the court on the defendant's motion for summary judgment. The plaintiff, who is proceeding *pro se*, alleges violations of the Fair Credit Reporting Act. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

On May 12, 2008, defendant American Express filed a motion for summary judgment. By order filed May 13, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed her opposition to the motion on June 12, 2008.

**FACTS PRESENTED**

In her complaint, the plaintiff claims that in February 2002, American Express sent her account[1] to a collections agency for nonpayment (pl. resp. m.s.j., ex. 3). The plaintiff refinanced

---

[1] The account numbers stated by the plaintiff in her complaint do not concur with the account numbers in her exhibits. For example, the plaintiff alleges in her complaint that account number 00247557301253713 was sent to a collections agency for nonpayment. She claims she paid off the account, was then told she owed $29.00, and she later paid this amount on the account (comp. 4). However, the exhibits attached to her opposition to the motion for summary judgment show that account number 3976703318 was sent to a collections agency, and this was the account she later paid off (pl. resp. m.s.j., ex. 3, 4). Yet another account number (3739-767033-14005) is referenced in the letter confirming receipt of the payment (pl. resp. m.s.j., ex. 9), and copies of American Express statements provided by the plaintiff reference another account number (3739-767033-12009) (pl. resp. m.s.j., ex. 5).

her home and paid the amount in full (pl. resp. m.s.j., ex. 2). However, the defendant "put a charge-off report on [her] account" (comp. 4). The plaintiff sent a letter to American Express disputing the charge-off on January 17, 2003. She also enclosed a check for the amount American Express claimed was due. The plaintiff noted in the letter that she wanted her credit report to reflect that she had paid all that was owed (pl. resp. m.s.j., ex. 4). According to the plaintiff, the defendant did not remove the charge-off from her credit report. The plaintiff had a credit report run on June 14, 2007, at which time she noticed that two different account numbers from American Express were listed. The plaintiff claims she never opened an additional account with the defendant. The account numbers differ by only one digit. The original account number was 00247557301253713, and the additional account number on the credit report was 00247557301233713. The credit report shows that the accounts were opened the same date (May 1987) and closed the same date (February 2002). The additional account number shows high credit of $244.00 and a balance of $0.00 (comp., ex. 1). The plaintiff testified in her affidavit that she had only one American Express account (pl. aff. 1). The plaintiff claims that she attempted to buy a house in 2004 and 2006 and was denied a mortgage because of too much debt. She also claims that she was denied refinancing twice in 2006 and 2007 on her current home because of her credit (pl. resp. m.s.j. 4). The plaintiff seeks compensatory and punitive damages from the defendant.

## **ANALYSIS**

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence

or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

The defendant has moved for summary judgment solely on the basis that the plaintiff's claims are barred by the statute of limitations. The statute of limitations for violations of

3

the Fair Credit Reporting Act is set forth in Title 15, United States Code, Section 1681p, which provides as follows:

> **Jurisdiction of courts; limitation of actions**
> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of--
> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
> (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p.

The instant action was filed on June 29, 2007.  The defendant argues that the action is untimely because the plaintiff first discovered the alleged reporting problem in January 2003, when she sent a letter to American Express disputing the charge-off report on her account, and thus her complaint is more than two years too late (*see* pl. resp. m.s.j., ex. 4).   However, the plaintiff maintains and has presented evidence that she did not know that the defendant was reporting two accounts on her credit report until she received the credit report on June 14, 2007 (pl. aff. 1; comp. 4, ex. 1).

Based upon the foregoing, this court cannot determine as a matter of law that the plaintiff's complaint is barred by the statute of limitations.  Accordingly, it is recommended that the defendant's motion (doc. 61) be denied.  This court further recommends that the deadline for dispositive motions be extended for the parties to address the merits of the plaintiff's claims if they so choose.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

November 5, 2008

Greenville, South Carolina